## RUBENSTEIN *v.* GROSSMAN-WINFIELD MILLINERY CO.

[70 South. 210-69 South. 688.]

SALES. *Quantity delivered. Right of buyer.*

> Where a purchaser bought a job lot represented to contain not more than four dozen hats of different styles and values, and on being received, it was found that there was a greater number than represented and there was no way to identify and separate the goods bought from the the goods not bought. In such case it was incumbent on the purchaser to reject the entire shipment or to receive all and pay for same.

APPEAL from the circuit court of Forest county.
HON. PAUL B. JOHNSON, Judge.
On suggestion of error. For former opinion see 69 So. 688.
The facts are stated in the opinion of the court.

*R. S. Hall,* for appellant.

*T. C. Hannah* and *John Haney,* for appellee.

COOK, J., delivered the opinion of the court.

We do not think there is any conflict in the decision heretofore rendered in this case with the holding of this court in *Hutchins* v. *Smith-Harrison Company,* 64 So. 789. In the *Hutchins Case, supra,* the appellant bought a certain kind of goods, which were actually shipped, but the seller shipped other goods, which were not bought. The purchaser retained the goods bought, and returned the goods not bought. In the present case the purchaser bought a "job lot," represented to contain not more than four dozen hats of different styles and values. The seller misrepresented the number of the hats in the "job lot," and there was no way to identify and separate the goods bought from the goods not bought, and when the

purchaser discovered this fact it was incumbent upon him either to reject the entire shipment, or to receive all and pay for same.

It is not claimed in the present case that appellant actually purchased the identical hats retained by him, and that he returned the hats not purchased. He merely selected from the lot three or four dozen hats and returned the balance. The distinction between the Hutchins Case and the present case was clearly pointed out in the original opinion; but, since appellant still insists that there is a conflict in the decisions, we deem it advisable to emphasize the patent difference in the facts of the two cases.

*Suggestion of error is overruled.*